FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2013 FEB 28 PM 12 07

STEPHAN HARRIS, CLERK
CHEYENNE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| NORTHERN ARAPAHO TRIBE, on its own behalf and on behalf of its members, and DARRELL O'NEAL, Chairman, Northern Arapaho Business Council, in his official and individual capacities,<br><br>Plaintiffs,<br><br>v.<br><br>DANIEL M. ASHE, Director, United States Fish and Wildlife Service, and MATT HOGAN, Assistant Regional Director, Region 6, Migratory Birds and State Programs, in their official capacities,<br><br>Defendants. | Case No. 11-CV-347-ABJ |

## OPINION DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

In 2009, Plaintiffs Northern Arapaho Tribe and the chairman of the Tribe's business council applied to the United States Fish and Wildlife Service for a permit that would allow Plaintiffs to take[1] eagles for use in their religious ceremonies. Over two years later (and still without a permit), Plaintiffs filed a complaint against Defendants Daniel Ashe and Matt Hogan—officials within Fish and Wildlife—alleging that Fish and Wildlife had unlawfully delayed

---

[1] "Take means pursue, shoot, shoot at, poison, wound, kill, capture, trap, collect, destroy, molest, or disturb." 50 C.F.R. § 22.3 (2011).

- 1 -

issuing the permit. After Plaintiffs had filed their complaint, Fish and Wildlife issued Plaintiffs a permit allowing them to take two adult bald eagles per year within Wyoming. However, the permit prohibited Plaintiffs from taking eagles within the boundaries of the Wind River Reservation, a Reservation the Northern Arapaho share with another federally-recognized Indian tribe, the Eastern Shoshone. Fish and Wildlife excluded the Reservation from the permit to accommodate the Eastern Shoshone's cultural and religious objections to eagle take within the Reservation.

On March 30, 2012, Plaintiffs filed an amended complaint, claiming that Fish and Wildlife's refusal to allow eagle take within the Reservation violated the Religious Freedom Restoration Act (RFRA), the Free Exercise Clause, and the Administrative Procedure Act. On May 31, 2012, Plaintiffs filed a motion for judgment on the pleadings with respect to their RFRA claims, noting in their memorandum in support that "[d]efendants' denial of the [tribe's] permit application creates Establishment Clause problems." Pls.' Mem. 14 n.19, ECF No. 30. The Court ultimately ruled against Plaintiffs and granted summary judgment in favor of Defendants on the RFRA claims.

Now, nearly a year after filing their amended complaint and over eight months after noting that Fish and Wildlife's permitting decision "creates Establishment Clause problems," Plaintiffs have filed a motion to amend their complaint by adding an Establishment Clause claim. Defendants urge the Court to deny the motion, arguing that Plaintiffs waited too long to add the Establishment Clause claim. For the reasons stated below, the Court agrees and therefore denies Plaintiffs' motion.

The legal principles governing a Rule 15(a)(2) motion apply here. That rule provides that, unless a party is amending as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Whether to grant leave to amend lies within the Court's discretion. *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009). "The court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), and district courts have "wide discretion to recognize a motion for leave to amend in the interest of a just, fair or early resolution of litigation," *Bylin*, 568 F.3d at 1229. "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendments." *Id.*

The Tenth Circuit has held that "[u]ntimeliness alone may be a sufficient basis for denial of leave to amend." *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990). It also has held that if a party moving to amend knew or should have known the facts giving rise to the new claim but failed to include the claim in the complaint, then the district court may deny the motion. *Id.*

With these principles in mind, the Court denies Plaintiffs' motion because they waited too long to amend their complaint. Plaintiffs knew or should have known the facts underlying an Establishment Clause claim when they filed their amended complaint nearly a year ago. And Plaintiffs undoubtedly knew about the Establishment Clause claim by May 31, 2012, because on that date they filed a memorandum stating that "[d]efendants' denial of the [tribe's] permit application creates Establishment Clause problems." Pls.' Mem. 14 n.19, ECF No. 30. Yet

- 4 -

Plaintiffs waited over eight months from the time they clearly knew about the Establishment Clause claim to file the present motion. That's simply too long a wait. The Court therefore **DENIES** Plaintiffs' motion for leave to amend their complaint (ECF No. 59) based on undue delay.

Dated this 28th day of February, 2013.

Alan B. Johnson
United States District Judge